**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-09-cr-159(1) |
| | § | C.A. No. C-09-220 |
| | § | |
| JUAN VALENTIN ALVARADO-XAR, | § | |
|     Defendant/Movant. | § | |

___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-cr-814 |
| | § | C.A. No. C-09-228 |
| | § | |
| JUAN VALENTIN ALVARADO-XAR,[1] | § | |
|     Defendant/Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL**

On August 27, 2009, the Clerk received from Movant Juan Valentin Alvarado-Xar ("Alvarado-Xar") a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which referenced only No. C-09-cr-159. The Court construed it as challenging both Alvarado-Xar's conviction and sentence in Cr. 08-cr-814, and this Court's revocation of his supervised release term,

---

[1] The indictment in No. C-08-cr-814, which charged a single count of illegal reentry after deportation, listed the defendant as "Noe Perez-Perez, also known as Hugo Sanchez-Ramos, also known as Juan Valentin Alvarado-Xar." (No. C-08-cr-814, D.E. 8 at 1.) The defendant told the Court at sentencing that his full name was Juan Valentin Alvarado-Xar, and the Court noted at sentencing that it was difficult to know what his true name was, due to his history of using aliases and false documents. (No. C-08-cr-814, D.E. 32, Sentencing Transcript at 2, 4-5, 8, 11.) Based on his family history and other information in the Presentence Investigation Report, however, it appears that the name Alvarado-Xar is the defendant's true identity. In any event, the Court will use that name for purposes of these § 2255 proceedings. (See generally No. C-08-cr-814, Presentence Investigation Report ("PSR").)

which was imposed in No. C-09-cr-159 on the same date as his sentence in No. C-08-cr-814.[2] The Court ordered the United States to file responses to the motion in both cases, and the United States filed an opposed response and motion to dismiss in each case on November 19, 2009. (No. C-08-cr-814, D.E. 34, 35; No. C-09-cr-159, D.E. 15,16.) Alvarado-Xar later filed a reply, which the Court has also considered. (See No. C-08-cr-814, D.E. 36; No. C-09-cr-159, D.E. 17.)

For the reasons set forth below, the Court withholds ruling at this time on all of the grounds for relief asserted by Alvarado-Xar, except for his claim that his counsel failed to timely file a notice of appeal when requested to do so. As to this claim, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies this claim, it will subsequently address his remaining grounds for relief.

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A.     Factual Background**[3]

On November 12, 2008, a Jim Wells County Sheriff's Department deputy conducted a traffic stop on a vehicle that was driving 80 miles per hour in a 70 mile per hour zone. Three passengers, including Alvarado-Xar, were found riding in the vehicle. Because they behaved suspiciously, the deputy began to believe that they were illegally present in the United States. Border Patrol agents were called and took the passengers into custody. Alvarado-Xar told agents he was a citizen of

---

[2] At sentencing, the Court referred to the case of No. C-09-cr-159 as the "2006 Case." The case was originally assigned criminal case number 1:06-172, in the Western District of Michigan. When the case was transferred here for supervision over the defendant, it was assigned the 2009 case number above. (See No. C-09-cr-159, D.E. 1, 2.)

[3] The facts of the offense are from paragraph 4 of Alvarado-Xar's PSR in No. C-08-cr-814.

2

Guatemala and had entered the United States illegally by wading the Rio Grande River near Hidalgo, Texas on approximately November 1, 2008.

A check of records revealed that Alvarado-Xar previously had been ordered removed in absentia by an immigration judge on August 7, 1996, in Detroit, Michigan, and that he had been deported on April 25, 2001 to Mexico, under the alias Noe Perez-Perez. He had also previously been deported to Guatemala on October 16, 2001, November 18, 2004, and February 4, 2008. The November 2004 deportation was subsequent to a felony conviction for Operating Under the Influence of Liquor and the deportation in February 2008 was subsequent to a felony conviction for Being Illegally Present in the United States After Deportation Subsequent to a Felony Conviction.

**B.    Criminal Proceedings**

On December 10, 2008, Alvarado-Xar was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (No. C-08-cr-814, D.E. 8.) On January 27, 2009, Alvarado-Xar pleaded guilty pursuant to a written plea agreement. (No. C-08-cr-814, D.E. 14, 15)  The basic terms of the plea agreement were that, in exchange for Alvarado-Xar's plea of guilty, the United States would recommend that Alvarado-Xar be given maximum credit for acceptance of responsibility and recommend a sentence within the guideline range. Additionally, should Alvarado provide substantial assistance, the United States would recommend that he be given a reduction in sentence. The plea agreement did not include a waiver of Alvarado-Xar's right to appeal or to collaterally attack his sentence under 28 U.S.C. § 2255. (See generally No. C-08-cr-814, D.E. 14.)

Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR"). (No. C-08-cr-814, D.E. 16, 17.) The PSR calculated Alvarado-Xar's

3

offense level as an 8, but added an additional 4 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Alvarado-Xar was previously deported after a conviction for Operating Under the Influence of Liquor - 3rd Offense in Case No. 04-5511-FH in the 17th District Court of Grand Rapids, Michigan. (PSR at ¶¶ 10-11, 31.) After a two-level adjustment for acceptance of responsibility, his total offense level was 10. (PSR at ¶¶ 15-19.) Coupled with his criminal history category of V (PSR at ¶¶ 20-37), his advisory guideline range was 21 to 27 months. (PSR at ¶ 53.)

Sentencing was held on April 10, 2009. At sentencing, defense counsel requested a downward departure or, at the very least, a sentence at the bottom of the guideline range. (S. Tr. at 8). The prosecuting AUSA, however, recommended a 27-month sentence. (S. Tr. at 7.) In support of this recommendation, she pointed out that Alvarado-Xar had repeatedly given false alias names and different dates of birth when arrested and that, at one time, he had utilized false identification documents. (S. Tr. at 7.)

The Court sentenced Alvarado-Xar to the highest end of the guideline range, 27 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and also imposed a $100 special assessment. (No. C-08-cr-814, D.E. 20, 21; S. Tr. at 11.) Judgment was entered on April 16, 2009. (No. C-08-cr-814, D.E. 21.)

On the same date, the Court revoked Alvarado-Xar's supervised release term in No. C-09-cr-159. In that case, the guideline range was 12 to 18 months. (S. Tr. at 10-11.) Probation recommended an 18-month sentence, and defense counsel asked for a 12-month sentence. (S. Tr. at 11.) The Court imposed a sentence of 18 months in the custody of the Bureau of Prisons and expressly ordered that the two sentences (in the illegal reentry case and the revocation case) should

run consecutively. (S. Tr. at 12; No. C-09-cr-159, D.E. 8, 9.) Judgment in the revocation case was entered on April 17, 2009. (No. C-09-cr-159, D.E. 9.)

Alvarado-Xar did not appeal from either judgment. Throughout the underlying criminal proceedings, Alvarado-Xar was represented by appointed counsel Armando Cavada.

Alvarado-Xar's § 2255 motion was received by the Clerk on August 27, 2009. (No. C-08-cr-814, D.E. 24; No. C-09-cr-159, D.E. 10.) It is timely.

### III. MOVANT'S ALLEGATIONS

Alvarado-Xar's motion contains two grounds for relief. In his first ground for relief, he asserts a number of ineffective assistance of counsel claims. Specifically, he alleges that counsel was constitutionally ineffective due to the following alleged failures:

> (1) counsel failed to appeal after being requested to do so;
>
> (2) counsel failed to argue that there was a breach of the plea agreement because he was promised a sentence of 21-27 months;
>
> (3) counsel failed to argue that his base offense level was erroneous;
>
> (4) counsel "failed to preserve the issue for appeal"; and
>
> (5) counsel failed to argue that the United States had offered Alvarado-Xar a six month sentence in his supervised release case.

(No. C-08-cr-814, D.E. 24 at 3; No. C-09-cr-159, D.E. 10 at 3.)

Alvarado-Xar's second ground for relief is that his sentence violated his plea agreement, which he claims stipulated that the term of imprisonment imposed in his supervised release case would not exceed six months. He claims that he understood from both counsel and the United States that he would not e sentenced beyond six months for his supervised release violation and states that he was also "promised" the bottom of the guideline range for his illegal re-entry charge, or a

5

sentence of 21 months.  He claims that his guilty plea is therefore invalid because his sentence far exceeded that which he believed the plea agreement promised him.  He relies on <u>United States v. Munoz</u>, 408 F.3d 222 (5th Cir. 2005) for the proposition that, by not including an enhancement in the plea agreement, the parties agree that is it not applicable and should not be included in the sentence calculation.  (No. C-08-cr-814, D.E. 24 at 16; No. C-09-cr-159, D.E. 10 at 16.)

In its response, the United States contends that Alvarado-Xar is not entitled to either an evidentiary hearing or as to relief as to any of his claims.  The United States also moves to expand the record to include the affidavit filed by Alvarado-Xar's defense counsel in the underlying cases, attorney Armando Cavada, which the Court GRANTS.  The Court has considered Cavada's affidavit.

## IV.  ANALYSIS

In evaluating Alvarado-Xar's claim that his counsel failed to appeal, the Court notes that there is conflicting evidence on this point.  In his affidavit, Cavada avers that he spoke with Alvarado-Xar after the sentencing and consulted with him about his appellate rights.  He testifies:

> I did not believe that there was any point to appeal, and I so informed my client; however, I told him he had the right to appeal, and that I would send him the judgment and sentence as soon as I received it.  But it came back to me.  By the time I sent it to Brooks County, BOP had removed him.  The plea bargain stated that the government would recommend a sentence within the applicable guideline range, and the court did not exceed the guidelines.
> ...
>
> I do not believe that there was a justiciable issue to appeal, and I so advised my client.  The Court advised the defendant that he had a right to appeal and that he must file a notice within 10 days.  I do not believe that I was ineffective in my representation of him."

(No. C-08-cr-814, D.E. 35-1 at 2; No. C-09-cr-159, D.E. 16-1 at 2.)

6

Alvarado-Xar's motion provides little in the way of detail in support of his claim. Additionally, in his reply, he stated that he "advised counsel to appeal government's failure to award the 5K1 motion promised." (No. C-08-cr-814, D.E. 36 at 2; No. C-09-cr-159, D.E. 17 at 2.)

The law governing an ineffective assistance of counsel claim based on an alleged failure to appeal is straightforward. Specifically, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

The United States contends that Alvarado-Xar is not entitled to an evidentiary hearing as to his failure to appeal claim, suggesting that he has failed to provide sufficient detail into his claim to warrant an evidentiary hearing. (No. C-08-cr-814, D.E. 34 at 15-16; No. C-09-cr-159, D.E. 15 at 15-16 (noting that Alvarado-Xar has not alleged "any facts in support of his claim" and "does not state when, where or under what circumstances the alleged request was made of counsel to file a Notice of Appeal; nor what, if any, reply his counsel made in response to his request").) It argues that because Alvarado-Xar has not shown by a preponderance of the evidence that he requested an appeal, he is not entitled to relief. It is not necessary, however, that a § 2255 Movant make such a preponderance showing before being entitled to an ***evidentiary hearing***. See Rule 8, 2255 Rules.

Instead, where a § 2255 movant alleges a failure on the part of his counsel to appeal, that is sufficient to require an evidentiary hearing. See United States v. Tapp, 491 F.3d 263 (5th Cir. 2007).

In numerous decisions (although many are unpublished), the Fifth Circuit has required an evidentiary hearing on a failure to appeal claim under circumstances indistinguishable from the instant case. See, e.g., United States v. Thomas, 216 F.3d 1080, 2000 WL 729135 (5th Cir. May 15, 2000) (unpublished) (court abused its discretion in denying § 2255 claim without evidentiary hearing where Defendant alleged she requested her attorney to her appeal and counsel failed to do so, despite an affidavit from counsel flatly denying the allegation and the court's assessment of movant's allegations as "conclusory."); United States v. Taylor, 270 Fed. Appx. 363, 2008 WL 783742 (5th Cir. March 25, 2008) (unpublished) (district court abused its discretion in failing to hold evidentiary hearing to determine whether defense counsel had been instructed to appeal); United States v. Sheid, 248 Fed. Appx. 543, 2007 WL 2752376 (5th Cir. Sept. 20, 2007) (unpublished) (citing Tapp and holding that "[b]ecause the record in the instant case does not conclusively show whether and when Sheid requested that his counsel file an appeal, an evidentiary hearing is necessary"); United States v. Alvarez, 172 Fed. Appx. 587, 2006 WL 775140 (5th Cir. Mar. 27, 2006) (unpublished) (where movant's § 2255 motion swore under penalty of perjury that he had asked attorney to appeal, the district court abused its discretion by denying claim without holding an evidentiary hearing).

      Consistent with the foregoing authority, the Court concludes that Alvarado-Xar is entitled to an evidentiary hearing to determine whether he told Cavada to prosecute the appeal, as he contends. In short, the Court is unable to determine on the current record that Alvarado-Xar is not entitled to relief. Instead, the Court must hold a hearing to assess the credibility of the parties. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Alvarado-Xar's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Alvarado-Xar's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Alvarado-Xar's remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Alvarado-Xar's ineffective assistance claim concerning his appeal, it will subsequently address Alvarado-Xar's remaining grounds for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the issue of whether Alvarado-Xar was denied effective assistance of counsel due to his counsel's alleged failure to appeal. **The evidentiary hearing is set for 10:00 a.m. on Thursday, July 22, 2010.**

Alvarado-Xar is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Proceedings 8(c). The financial information previously provided by Alvarado-Xar and set forth in his Presentence Investigation Report show that Alvarado-Xar is financially unable to afford retained counsel. Accordingly, attorney L. Chris Iles, 711 N. Carancahua #700, Corpus

Christi, TX 78475, (361) 883-2020, is hereby appointed to represent Alvarado-Xar. The Clerk is directed to send a copy of this Order to Mr. Iles, as well as directly to Alvarado-Xar and to counsel for the United States.

Finally, as set forth herein, the Court GRANTS the United States' motion to expand the record to include the affidavit of Armando Cavada, which the Court has considered.

It is so ORDERED this 23rd day of June, 2010.

_____
Janis Graham Jack
United States District Judge